UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STARBUCKS CORPORATION, a Washington corporation,<br>Plaintiff,<br>v.<br>DOES 1-10, inclusive,<br>Defendants. | Case No.<br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Starbucks Corporation ("**Starbucks**"), for its Complaint against Defendants Does 1 through 10, hereby alleges as follows:

**INTRODUCTION**

1. This is a lawsuit seeking relief for harm caused by infringing actors who have published copyrighted material and used trademarks owned by Starbucks on at least two infringing websites, <starbucksfranchise.com> and <starbuckslicense.com> (the "**Infringing Sites**").

2. The Infringing Sites are intended to appear as legitimate Starbucks sites offering legitimate Starbucks products and/or services—even though they have no affiliation with Starbucks—and as a result have caused Starbucks harm and ongoing injury.

**THE PARTIES**

3. Starbucks is a corporation formed under the laws of the State of Washington, with

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

its principal place of business located in Seattle, Washington.

4. Upon information and belief, Does 1 through 10 are unknown actors who are acting in concert to operate the Infringing Sites and effect the harms on Starbucks as described in this Complaint.

5. The true names and capacities, whether individual, corporate, associate, partnership or otherwise of the Doe defendants are unknown to Starbucks at this time, who therefore sues such defendants by fictious names. Upon information and belief, each of the Doe Defendants is legally responsible in some manner for the events and happenings described herein. Starbucks will seek leave of Court to amend this Complaint to identify the true names and capacities of the Doe Defendants when the same have been ascertained.

6. Upon information and belief, each of the Defendants was the agent of each of the other Defendants and, in engaging in the actions alleged herein, was acting within the course and scope of such agency.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121(a) because it alleges, among other claims, violations of the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*

8. This Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367(a) as those claims are so related to the claims under federal law as to form part of the same case or controversy.

9. This Court has personal jurisdiction over Defendants because, as described herein, Defendants have willfully infringed copyrights and trademarks held by Starbucks, engaged in unfair methods of competition and unfair and deceptive acts or practices directed at Starbucks, and committed other intentional tortious acts directed to Washington and the United States that have caused Starbucks extensive damage. The Infringing Sites created and operated by Defendants use the Seattle address of Starbucks, reflecting an intent to target their actions

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

towards Washington. As a result, Defendants have purposefully directed their activities to Washington. Further, Defendants knew or should have known that their intentional and/or willful acts would cause harm to Starbucks in Washington where it is headquartered.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, and the injuries suffered by Starbucks were suffered, in this judicial district.

## FACTUAL ALLEGATIONS

### Starbucks Background

11. Starbucks is the country's leading purveyor of fine Arabica coffee. Beginning in 1971 as a single, Seattle-based dry goods store, Starbucks has grown to approximately 15,650 retail locations in the United States, and more than 19,298 retail locations in more than 83 foreign countries. Starbucks retail stores serve brewed coffee, teas, and other foods and beverages, and offer coffee equipment, glassware, mugs, and other Starbucks-branded merchandise for sale. These stores, and the merchandise offered therein, prominently display trademarks and copyrighted material owned by Starbucks (the "**Starbucks Marks**" and "**Starbucks Copyrights**," respectively), as further described in paragraphs 17 through 22 below.

12. These stores conduct billions of transactions in a single year. The worldwide success of Starbucks is owed to its strong reputation for its fresh-roasted specialty coffees, brewed coffees, espresso beverages and the other products and services it provides. Starbucks has a reputation for excellence, particularly in the area of roasted coffees and coffee beverages and is widely recognized for its knowledgeable staff and superior service.

13. Starbucks also serves coffee and other beverages in the United States through hundreds of authorized third parties ("**Authorized Sellers**"), including bookstores, cruise line ships, hotels, theaters, sport and entertainment venues, airports, grocery stores, retail stores, and restaurants. These Authorized Sellers display the Starbucks Marks and Starbucks Copyrights in connection with the Starbucks beverages that they serve. Their use of such marks and copyrights is licensed under one or more agreements with Starbucks. These Authorized Seller agreements

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

ensure Starbucks products are distributed only through authorized parties who must follow Starbucks quality controls and are accountable to Starbucks for any quality issues. By distributing products exclusively in this manner, Starbucks is better able to control the quality and integrity of its products. Starbucks monitors use of the Starbucks Marks and Starbucks Copyrights by these accounts to ensure compliance with Authorized Seller agreements.

14. Starbucks also advertises and sells its products and services on its website, Starbucks.com. The Starbucks Marks and Starbucks Copyrights appear on many of the individual web pages and are prominently displayed on products promoted on the Starbucks.com website. Following is a screenshot of the Starbucks website as of August 31, 2022:

15. Starbucks also maintains official social media accounts, including a Facebook page (www.facebook.com/Starbucks) and a Twitter account (twitter.com/Starbucks ), that prominently feature the Starbucks Marks and the Starbucks Copyrights.

16. Starbucks polices and monitors all of its distribution channels to ensure strict compliance with the intellectual property policies of Starbucks.

**The Starbucks Copyrights and Trademarks**

17. Starbucks is the owner of all rights in and to copyrighted works embodying a

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

forward-facing, twin-tailed siren, including but not limited to works that are the subject of U.S. Registration Nos. VA 875-932 and VA 1-768-520 (the "**Starbucks Siren**"). True and correct copies of the certificates of registration for the Starbucks Copyrights are attached hereto as **Exhibit 1** and **Exhibit 2**.

18. Starbucks is the owner of all rights in and to the STARBUCKS mark as well as the Starbucks Siren design mark in connection with a wide variety of goods and services. Starbucks owns numerous trademark and service mark registrations for those marks in the United States and around the world, including but not limited to the following U.S. registrations (for a complete listing of the associated goods and services, *see* **Exhibit 3** hereto):

| Mark | Reg. No. | Goods/Services |
|---|---|---|
| | 6,783,025 | IC 035 Retail store services in the field of tea, food, beverages, tea makers, books, musical recordings, wallets, travelling bags, shopping bags, handbags, jewelry, clothing and hats, toys, including stuffed toys; wholesale distributorship services of food, beverage, housewares, and kitchenware, excluding the transport thereof; on-line retail store services featuring food, beverage, housewares, and kitchenware |
| | 3,428,128 | IC 035 Business administration; business management; franchising, namely, providing technical assistance in the establishment and/or operation of restaurants, cafes, coffee houses and snack bars; providing technical assistance in the establishment and/or operation of restaurants, cafes, coffee houses and snack bars |
| STARBUCKS | 1,444,549 | IC 035 Retail store services and distributorship services for coffee, tea<br>IC 043 Coffee cafe services |
| STARBUCKS | 2,073,104 | IC 035 Wholesale supply services featuring ground and whole bean coffee, tea, cocoa, coffee and espresso beverages<br>IC 043 Restaurant, cafe and coffee house services |

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

| | 4,572,688 | IC 021 Insulated coffee and beverage cups, insulated vacuum bottles, coffee cups, tea cups and mugs, glassware, non-electric drip coffee makers, paper cups and insulated sleeves for beverage cups<br>IC 035 Business administration; business management; franchising, namely, providing technical assistance in the establishment and/or operation of restaurants, cafes, coffee houses and snack bars; retail store services in the field of coffee, tea, cocoa, packaged and prepared foods, electric appliances, non-electric appliances, housewares, kitchenware |
|---|---|---|

19. Starbucks began using one or more of the Starbucks Marks in commerce at least as early as 1971, and since that time, its use of the marks has been continuous and exclusive in connection with the referenced goods and services. In particular, the Starbucks Siren has become inextricably linked to Starbucks products and services on a global scale.

20. Starbucks devotes a significant amount of time, energy, and resources toward protecting the value of the Starbucks Copyrights and the Starbucks Marks, and reputation. By distributing Starbucks products exclusively through Authorized Sellers, Starbucks is able to ensure the safety, well-being and satisfaction of consumers and maintain the integrity and reputation of Starbucks products.

21. Due to the superior quality and exclusive distribution of Starbucks products, and because Starbucks is recognized as the source of high-quality products, the Starbucks Marks have considerable value.

22. Starbucks has developed substantial goodwill and strong consumer recognition in the Starbucks Marks. As a result, Starbucks has established strong rights in the Starbucks Marks, which are entitled to broad protection.

**Defendants' Infringing Acts**

23. Upon information and belief, Defendants have developed, published, and operated at least two websites – <starbucksfranchise.com> and <starbuckslicense.com> – that incorporate

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

the Starbucks Copyrights and the Starbucks Marks.

24. By using the Starbucks Copyrights and the Starbucks Marks, the websites are designed to appear as if they are official Starbucks websites or affiliated with Starbucks.

25. For example, following is a screenshot captured from the <starbucksfranchise.com> website on June 28, 2022:

A complete copy of the screenshot is attached hereto as **Exhibit 4**.

26. The <starbuckslicense.com> website similarly uses the Starbucks Copyrights and Starbucks Marks to falsely represent a connection with Starbucks. Following is a screenshot

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

captured from the <starbuckslicense.com> website captured on September 7, 2022:

27. The sites also include the contact information of Starbucks and/or Starbucks employees or executives to portray a veneer of legitimacy and authenticity. For example, following is a screenshot of the "contact" page captured from the <starbuckslicense.com> website on September 7, 2022, showing the use of the Starbucks address and an image of the Starbucks headquarters:

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Contact – Starbucks License

starbuckslicense.com/the-new-umoma-opens-its-doors-2/contact/

Starbucks License Starbucks License Information

Starbucks Coffee Since 1971.

# Contact

Starbucks License

Email: info@starbuckslicense.com

Starbucks Center – 2401 Utah Avenue, Suite 800. Seattle, WA 98134. USA.

Copies of the screen captures from the <starbuckslicense.com> website are attached hereto as **Exhibit 5**.

28. On information and belief, Defendants also created one or more email accounts with third-party service providers and sent emails associated with the Infringing Sites that purported to originate from Starbucks.

29. On information and belief, Defendants' unauthorized use of the Starbucks Copyrights and Starbucks Marks intentionally and fraudulently misleads consumers into believing they are engaging in commercial transactions with Starbucks.

30. Existing Starbucks customers, as well as existing and prospective Authorized Sellers, have reported the Infringing Sites to Starbucks and raised questions regarding the legitimacy and affiliation of those sites with Starbucks.

31. Starbucks has received numerous reports from these customers and Authorized Sellers in the form of emails and social media messages asking Starbucks to verify the authenticity of Starbucks franchise and licensing offers being made by Defendants via the

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Infringing Sites. The individuals reporting Defendants' unlawful activities have also given Starbucks samples of fraudulent memoranda of understanding, license agreements, and invoices that Defendants have used to further their fraudulent scheme facilitated in part via the Infringing Sites.

**The Efforts of Starbucks to Identify the Doe Defendants**

32. The investigation of this matter revealed that the domain registrar for one of the Infringing Sites – the <starbucksfranchise.com> site – was Namecheap.com.

33. On July 2, 2022, Starbucks filed a UDRP Complaint with the World Intellectual Property Organization ("**WIPO**") Arbitration and Mediation Center seeking transfer of the <starbucksfranchise.com> domain name based on the infringing use of the STARBUCKS mark in the name.

34. In response to the UDRP Complaint, Namecheap provided the name and contact information for the registrant of the domain name. The registrant, however, had used the address of Starbucks as the contact information for the domain name registration notwithstanding the fact that the registration was not authorized by or otherwise connected to Starbucks.

35. Additionally, pursuant to a subpoena issued by this Court in the action *In re DMCA § 512(h) Subpoena to Namecheap, Inc.*, No. 2:22-mc-00057, on July 8, 2022, Starbucks served a subpoena on Namecheap requesting identifying information associated with the <starbucksfranchise.com> domain name, specifically including the name(s) and any contact information for the registrant(s) of the domain name.

36. Namecheap produced information in response to the DMCA subpoena, and in its production, the registrant of the domain name was identified as "Foresight Global Consulting Ltd." However, because the registrant used obviously false contact information to register the domain name (the address of Starbucks and a telephone number that appears to be connected to a Krispy Kreme franchise located in North Carolina), the company name is likely to be a fake name or a name that has been used without permission of the company in question. In any event, the registrant's affirmative attempts to obscure its identity by using false contact information

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

made it impossible for Starbucks to confirm the registrant's true identity.

37. On August 25, 2022 the UDRP panelist decided in favor of Starbucks and ordered the transfer of the <starbucksfranchise.com> domain name to Starbucks.

38. On September 2, 2022, Starbucks also filed a UDRP Complaint with the WIPO Arbitration and Mediation Center seeking transfer of the <starbuckslicense.com> domain name based on the infringing use of the STARBUCKS mark in the name.

39. In response to the UDRP Complaint referenced in paragraph 38, the registrar for <starbuckslicense.com>, Namecheap, provided the name and contact information for the registrant of the domain name. Again, the registrant had used the address of Starbucks as the contact information for the domain name registration, notwithstanding the fact that the registration was not authorized by or otherwise connected to Starbucks.

**FIRST CAUSE OF ACTION**

**(Copyright Infringement, 17 U.S.C. § 101 *et seq.*)**

40. Starbucks realleges and incorporates by reference the allegations set forth in the paragraphs 1-39 as if fully set forth herein.

41. Starbucks is the owner of, or has exclusive rights in, the copyrights in the Starbucks Copyrights.

42. Defendants have copied, reproduced, adapted, and/or created derivative works from, and continue to copy, reproduce, adapt, and/or create derivative works from, the Starbucks Copyrights, without the consent of Starbucks.

43. The foregoing activities constitute direct infringement of the exclusive rights of Starbucks in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

44. Defendants' actions were and are intentional, willful, wanton, and performed in disregard of the rights of Starbucks.

45. Starbucks is entitled to injunctive relief pursuant to 17 U.S.C. § 502.

46. Starbucks is entitled to its actual damages and Defendants' profits, in amounts to be proven at trial, pursuant to 17 U.S.C. § 504(b).

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

47. Alternatively, Starbucks is entitled to the maximum statutory damages of $150,000 per infringed work for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

48. Starbucks is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**SECOND CAUSE OF ACTION**

**(Trademark Infringement, 15 U.S.C. § 1114)**

49. Starbucks realleges and incorporates by reference the allegations set forth in the paragraphs 1-39 as if fully set forth herein.

50. Starbucks is the owner of the federally registered Starbucks Marks identified herein.

51. Defendants' use of the Starbucks Marks in connection with the Infringing Sites is likely to cause and has caused confusion or mistake, or deception as to the source, origin, affiliation, or endorsement of the products or services offered by Defendants via the Infringing Sites.

52. Defendants' use of the Starbucks Marks as described herein constitutes infringement of the trademark rights of Starbucks in its registered marks under 15 U.S.C. § 1114.

53. Starbucks has been, and continues to be, irreparably damaged by the actions of Defendants alleged herein in a manner that cannot be fully measured or compensated in monetary damages and for which there is no adequate remedy at law. Starbucks is therefore entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116 restraining and enjoining Defendants, and their agents, employees, and all persons acting in concert with them or on their behalf, from using in commerce the Starbucks Marks or any colorable imitation thereof.

54. Defendants' conduct and continuation of such conduct is knowing, willful and deliberate, and in conscious disregard of the rights of Starbucks in its Starbucks Marks, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a) and entitling Starbucks to an award of its reasonable attorneys' fees.

55. Starbucks is entitled to the relief provided in 15 U.S.C. § 1117(a), including but

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

not limited to, actual damages (which should be trebled), Defendants' profits, and the costs of this action in amounts to be proven at trial.

**THIRD CAUSE OF ACTION**

**(False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))**

56. Starbucks realleges and incorporates by reference the allegations set forth in paragraphs 1-39 as if fully set forth herein.

57. As a result of its extensive and continuous use in commerce of the Starbucks Marks, Starbucks has established significant consumer recognition of, and rights to, its Starbucks Marks.

58. Defendants' use of the Starbucks Marks in connection with the Infringing Sites constitutes false designation of origin and unfair competition under 15 U.S.C. § 1125(a) that is likely to cause and has caused confusion, mistake, or deception as to (a) the affiliation, connection or association of Defendants with Starbucks, and/or (b) the origin, sponsorship or approval of the Infringing Sites and any goods or services offered via the Infringing Sites by Starbucks.

59. Starbucks has been, and continues to be, irreparably damaged by the actions of Defendants alleged herein in a manner that cannot be fully measured or compensated in monetary damages and for which there is no adequate remedy at law. Starbucks is therefore entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116 restraining and enjoining Defendants, and their agents, employees, and all persons acting in concert with them or on their behalf, from using in commerce the Starbucks Marks or any colorable imitation thereof.

60. Defendants' conduct and continuation of such conduct is knowing, willful and deliberate, and in conscious disregard of the rights of Starbucks in and to the Starbucks Marks, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a) and entitling Starbucks to an award of its reasonable attorneys' fees.

61. Starbucks is entitled to the relief provided in 15 U.S.C. § 1117(a), including but not limited to, its actual damages (which should be trebled), Defendants' profits, and the costs of

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

this action in amounts to be proven at trial.

**FOURTH CAUSE OF ACTION**

**(Violation of Washington Consumer Protection Act, RCW 19.86 *et seq.*)**

62. Starbucks realleges and incorporates by reference the allegations set forth in paragraphs 1-39 as if fully set forth herein.

63. Defendants' activities described herein, including but not limited to operation of the Infringing Sites constitute unfair methods of competition and unfair and deceptive acts or practices, which are damaging to the public interest in violation of RCW 19.86.020.

64. Defendants' unfair methods of competition and unfair and deceptive acts or practices occur in the context of Defendants' regularly conducted business or business practices.

65. Defendants' activities described herein have injured, and will continue to cause injury to, Starbucks in its business or property, including the loss of sales, users, and goodwill.

66. Defendants' actions contravene the public interest since there is a strong public interest in having a marketplace free from deceptive acts and practices.

67. As a result of Defendants' unfair methods of competition and unfair and deceptive acts or practices, Starbucks has been damaged in an amount to be proven at trial and Starbucks will continue to be irreparably damaged if Defendants' wrongful conduct is permitted to continue.

68. Pursuant to RCW 19.86.090, Starbucks is entitled to its actual damages, which should be trebled, together with its costs of suit and reasonable attorneys' fees, and an injunction restraining Defendants' unfair business practices.

**PRAYER FOR RELIEF**

WHEREFORE, Starbucks respectfully requests that judgment be entered in its favor on each of the claims stated herein and against Defendants, and that it be awarded relief that includes, but is not limited to, an order:

1. Preliminarily and permanently enjoining Defendants, their officers, employees, agents, representatives, subsidiaries, affiliates, distributors, and all persons or entities acting in

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

concert with them, from:

A. developing, marketing, promoting, advertising, and supporting, any other websites similar to the Infringing Sites that incorporate the Starbucks Copyrights or the Starbucks Marks;

B. using the Starbucks Copyrights in any manner inconsistent with the rights of Starbucks;

C. using the Starbucks Marks in any manner inconsistent with the rights of Starbucks; and

D. engaging in unfair methods of competition and unfair and deceptive acts or practices with respect to Starbucks;

2. Requiring Defendants to deliver to Starbucks all copies of materials that have been made or used in violation of any of the rights of Starbucks described herein;

3. Requiring Defendants to provide Starbucks an accounting of all sales or revenues generated via the Infringing Sites or otherwise in violation of the rights of Starbucks;

4. Awarding Starbucks its actual damages and Defendants' profits attributable to the infringement of the copyrighted works of Starbucks pursuant to 17 U.S.C. § 504(b), or, alternatively, maximum statutory damages of $150,000 per infringed work for willful copyright infringement pursuant to 17 U.S.C. § 504(c);

5. Awarding Starbucks its actual damages—which should be trebled—and Defendants' profits for Defendants' trademark infringement and false designation of origin and unfair competition under the Lanham Act, and Defendants' violations of the Washington Consumer Protection Act pursuant to, respectively, 15 U.S.C. § 1117 and RCW 19.86.090;

6. Awarding Starbucks its full costs of suit, including but not limited to, reasonable attorneys' fees, as permitted by law;

7. Awarding prejudgment interest as permitted by law; and

8. Such other relief as the Court deems just and proper.

//

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Dated this 19th day of October, 2022.

Respectfully submitted,

FOCAL PLLC

By: *s/ Venkat Balasubramani*
*s/ Jennifer Davis*
*s/ Stacia N. Lay*
Venkat Balasubramani, WSBA #28269
Jennifer Davis, WSBA #28316
Stacia N. Lay, WSBA #30594
900 1st Avenue S., Suite 201
Seattle, Washington 98134
Tel: (206) 529-4827
Fax: (206) 260-3966
Email: venkat@focallaw.com
Email: jen@focallaw.com
Email: stacia@focallaw.com

Attorneys for Plaintiff Starbucks Corporation

COMPLAINT
(Case No.______________) – 16

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Starbucks Corporation demands trial by jury in this action of all issues so triable.

DATED: October 19, 2022

*s/ Venkat Balasubramani*
Venkat Balasubramani, WSBA #28269

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966