HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STARBUCKS CORPORATION, a Washington corporation,<br><br>    Plaintiff,<br><br>v.<br><br>DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:22-cv-01481-JHC<br><br>ORDER GRANTING PLAINTIFF STARBUCKS CORPORATION'S *EX PARTE* MOTION TO FILE UNDER SEAL |

THIS MATTER came before the Court upon Plaintiff Starbucks Corporation's *Ex Parte* Motion to File Under Seal, which requested this Court to permanently seal discrete portions of the Declaration of Stacia N. Lay in Support of Plaintiff's Second *Ex Parte* Motion for Leave to Seek Limited Discovery, namely, Exhibits 1 to 3 attached thereto. Having reviewed the relevant record, the Court GRANTS Plaintiff's Motion.

When considering whether to seal portions of the court record, "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted). In determining whether there are compelling reasons to seal a court record, "courts should consider all relevant factors, including: the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

ORDER GRANTING MOTION TO
FILE UNDER SEAL
(Case No. 2:22-cv-01481-JHC) – 1

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

1  Compelling reasons may exist to seal "trade secrets, marketing strategies, product development
2  plans, detailed product-specific financial information, customer information, internal reports and
3  other such materials that could harm a party's competitive standing;" but "courts should exercise
4  caution not [to] allow these exceptions [to] swallow the strong presumption in favor of
5  disclosure." *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD, 2019 U.S.
6  Dist. LEXIS 68121, *19 (N.D. Cal. Apr. 22, 2019).

7  　　The portions of the Lay Declaration that Plaintiff seeks to seal – Exhibits 1 to 3 – reveal
8  confidential documents produced through discovery by non-parties to this litigation. Those
9  documents, designated expressly or implicitly as confidential by the producing third parties,
10 contain subscriber account and financial information. As such, there are sufficiently compelling
11 reasons to keep those materials under seal. Plaintiff has publicly filed the declaration to which
12 the exhibits are attached and the motion which the declaration supports; those public filings are
13 sufficient to meet the public's interest in knowing non-confidential details of this proceeding.

14 　　IT IS SO ORDERED.
15 　　DATED this 10th day of March, 2023.

_____
HONORABLE JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

22 Presented by:
23 FOCAL PLLC
24 By: *s/ Stacia N. Lay*
　　  *s/ Venkat Balasubramani*
25 　  *s/ Jennifer Davis*
　　  Stacia N. Lay, WSBA #30594
26 　  Venkat Balasubramani, WSBA #28269
　　  Jennifer Davis WSBA #28316
27 　  900 1st Avenue S., Suite 201

ORDER GRANTING MOTION TO
FILE UNDER SEAL
(Case No. 2:22-cv-01481-JHC) – 2

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Seattle, Washington 98134
Tel: (206) 529-4827
Fax: (206) 260-3966
Email: stacia@focallaw.com
Email: venkat@focallaw.com
Email: jen@focallaw.com

Attorneys for Plaintiff Starbucks Corporation

ORDER GRANTING MOTION TO
FILE UNDER SEAL
(Case No. 2:22-cv-01481-JHC) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966