HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STARBUCKS CORPORATION, a Washington corporation,

    Plaintiff,

v.

DOES 1-10, inclusive,

    Defendants.

Case No. 2:22-cv-01481-JHC

ORDER GRANTING PLAINTIFF STARBUCKS CORPORATION'S *EX PARTE* MOTION TO FILE UNDER SEAL

THIS MATTER came before the Court upon Plaintiff Starbucks Corporation's *Ex Parte* Motion to File Under Seal, which requested this Court to permanently seal discrete portions of the Declaration of Stacia N. Lay in Support of Plaintiff's *Ex Parte* Motion for Leave to Seek Additional Limited Discovery, namely, Exhibits 1, 2, and 4 attached thereto. Having reviewed the relevant record, the Court GRANTS Plaintiff's Motion.

When considering whether to seal portions of the court record, "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted). In determining whether there are compelling reasons to seal a court record, "courts should consider all relevant factors, including: the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

ORDER GRANTING MOTION TO FILE UNDER SEAL
(Case No. 2:22-cv-01481-JHC) – 1

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

1  Compelling reasons may exist to seal "trade secrets, marketing strategies, product development
2  plans, detailed product-specific financial information, customer information, internal reports and
3  other such materials that could harm a party's competitive standing;" but "courts should exercise
4  caution not [to] allow these exceptions [to] swallow the strong presumption in favor of
5  disclosure." *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD, 2019 U.S.
6  Dist. LEXIS 68121, *19 (N.D. Cal. Apr. 22, 2019).

   The portions of the Lay Declaration that Plaintiff seeks to seal – Exhibits 1, 2, and 4 – reveal confidential documents produced through discovery by non-parties to this litigation. Those documents, designated expressly or implicitly as confidential by the producing third parties, contain subscriber account and financial account information. As such, there are sufficiently compelling reasons to keep those materials under seal. Plaintiff has publicly filed the declaration to which the exhibits are attached and the motion which the declaration supports; those public filings are sufficient to meet the public's interest in knowing non-confidential details of this proceeding.

   IT IS SO ORDERED.

   DATED this 10th day of May, 2023.

   _____
   HONORABLE JOHN H. CHUN
   UNITED STATES DISTRICT JUDGE

Presented by:

FOCAL PLLC

By: *s/ Stacia N. Lay*
    *s/ Venkat Balasubramani*
    *s/ Jennifer Davis*
    Stacia N. Lay, WSBA #30594
    Venkat Balasubramani, WSBA #28269

ORDER GRANTING MOTION TO
FILE UNDER SEAL
(Case No. 2:22-cv-01481-JHC) – 2

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Jennifer Davis, WSBA #28316
900 1st Avenue S., Suite 201
Seattle, Washington 98134
Tel: (206) 529-4827
Fax: (206) 260-3966
Email: stacia@focallaw.com
Email: venkat@focallaw.com
Email: jen@focallaw.com

Attorneys for Plaintiff Starbucks Corporation

ORDER GRANTING MOTION TO
FILE UNDER SEAL
(Case No. 2:22-cv-01481-JHC) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966